```
IN THE UNITED STATES DISTRICT COURT
   FOR THE MIDDLE DISTRICT OF GEORGIA
              MACON DIVISION
```

| | | |
|---|---|---|
| ARTHUR BATTLE, | | |
| | Plaintiff | |
| VS. | | NO. 5:05-CV-433 (WDO) |
| HILTON HALL, *et al.*, | | |
| | Defendants | **PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

The defendants have filed a MOTION TO DISMISS the above-captioned action. Tab #11. Plaintiff ARTHUR BATTLE has responded to the defendants' motion. Tab #14. The defendants' motion seeks dismissal on three bases: (1) failure to state a claim pursuant to 18 U.S.C. §§ 2340 *et seq.*; (2) failure to state a claim pursuant to the Georgia Constitution; and (3) failure to exhaust administrative remedies.

### DISCUSSION
### Exhaustion of Administrative Remedies

The defendants contend that the plaintiff has not exhausted the prison grievance system, as required by the Prison Litigation Reform Act. The defendants note that the plaintiff filed a grievance but did not go through the rest of the channels ordinarily required including appeals to the Commissioner's Office and then, if necessary, to the Central Office in Atlanta.

The plaintiff's response points to SOP IIB05-0001 which deals with exceptions to the informal grievance requirements in cases alleging physical abuse or excessive force. SOP IIB05-0001 III A. 1. provides:

> *[I]n some cases it is not appropriate to attempt to informally address or respond to an inmate's allegation due to their serious and sensitive nature. In those circumstances the inmate will be allowed to file a formal grievance without awaiting a response to an informal grievance.*

However, nothing in SOP IIB05-0001 gives any exceptions to the general rule of exhaustion of the prison appeals process.

The plaintiff's contention that "the grievance procedure is satisfied [in physical abuse or excessive force cases] by the filing of an informal grievance only and then the ultimate responsibility shifts for investigating the grievance is by Internal Affairs" (Tab #14-1 at 5) is not spelled out nearly that clearly in the SOP the plaintiff cites in support of his argument.

The defendants argue that the case should be dismissed because the plaintiff has failed to prove that he exhausted the appeals process. However, after reviewing the plaintiff's grievance and defendant Hall's response (Exhibit B attached to the defendants' Motion to Dismiss, Tab #10-3), it appears that ***there was nothing for the plaintiff to appeal***. The warden's response directed that the grievance be forwarded to Internal Affairs (apparently for further investigation/consideration) but otherwise took no other action. Since the warden made no affirmative action or decision in his response, there was nothing for plaintiff Battle to appeal. Accordingly, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS (Tab #11) be DENIED to the extent it seeks dismissal based on failure to exhaust remedies.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

## United Nations Convention Against Torture

The plaintiff's complaint and response make numerous references to the *United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment*, which is codified at 18 U.S.C. §2340. In his response, however, the plaintiff appears to state that he is not bringing this suit pursuant to the United Nations Convention but rather is bringing this civil rights action under the Eighth Amendment through 42 U.S.C. §1983. To that extent, the plaintiff's complaint is clearly allowed and IT IS RECOMMENDED that the complaint be permitted to continue on Eighth Amendment Grounds.

To the extent that the plaintiff wishes to bring any claim pursuant to 18 U.S.C. §2340, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS be GRANTED and such claims be DISMISSED.[1] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

## State Law Claims

The plaintiff's complaint also sets forth allegations of violations of the laws and Constitution of the State of Georgia. The defendants seek dismissal of the state law claims for failure to state a claim for relief. The defendants contend that the Georgia Tort Claims Act "constitutes the exclusive remedy for any tort committed by a State officer or employee" (O.C.G.A. §50-21-25) and that the plaintiff has failed to adequately comply with the terms of that Act on both notice and proper party

- 3 -

---

[1] The language of 18 U.S.C. §2340 makes clear that it is not intended to be used as a cause of action in civil litigation: ". . . nor shall anything in this chapter be construed as creating any substantive of procedural right enforceable by law by any party in any civil proceeding." 18 U.S.C. §2340B.

grounds. The defendants' argument is persuasive, and IT IS RECOMMENDED that the defendants' MOTION TO DISMISS be GRANTED as to plaintiff's claims brought pursuant to state law. However, dismissal of these claims must be *without prejudice* to plaintiff's right to re-file with the proper parties as defendants after giving proper notice. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

### CONCLUSION

In light of the foregoing, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS (Tab #11) be **PARTIALLY GRANTED** and **PARTIALLY DENIED** as hereinabove recommended. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the RECOMMENDATIONS herein with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 28th day of FEBRUARY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE