IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ARTHUR BATTLE,

                Plaintiff

VS.

HILTON HALL, *et al.*,

                Defendants

NO. 5:05-CV-433 (WDO)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## O R D E R

Before the court is the Recommendation of the United States Magistrate Judge regarding the defendants' Motion to Dismiss the above-captioned action. Tab #17. The magistrate judge recommended dismissal of all claims brought pursuant to the United Nations Convention Against Torture (18 U.S.C. §2340), as well as all state law claims based on proper party and proper notice grounds. No party has objected to these recommendations.

However, the defendants object to the magistrate judge's finding that plaintiff BATTLE had exhausted his administrative remedies as required by the Prison Litigation Reform Act [1] (PLRA). The defendants contend that Plaintiff has failed to exhaust the prison appeals process. Tab #18. The magistrate judge recommended that the remainder of this action be permitted to go forward because "there was nothing for the plaintiff to appeal" because the warden's response to the plaintiff's grievance simply indicated that the grievance would be forwarded to Internal Affairs but took no affirmative action on the subject of the grievance.

---

[1] 42 U.S.C. §1997e(a), holds that:
No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In their Objection to the Recommendation, the defendants cite a specific Standard Operating Procedure that had not been previously cited: SOP IIB05-0001, Attachment 9, Paragraph 12 (Document #14-2 at 24). This information was not presented to the magistrate judge by the defendants prior to the entry of his Recommendation. This SOP provides an inmate with an avenue to appeal a warden's *inactivity* with respect to an unanswered grievance:

> If at any time the time limit for response from the Warden/Superintendent is exceeded . . . the inmate may appeal the grievance to the Office of the Commissioner. Upon notice from the inmate that he wishes to appeal a grievance for this reason, the Counselor or Grievance Coordinator is to provide a Grievance Appeal Form. In such cases the facility staff may be required to obtain documents and statements necessary for the Office of the Commissioner to make a decision on the merits of the grievance.

In light of this newly cited procedure, it is apparent that the plaintiff did not exhaust his administrative remedies and that – pursuant to the PLRA – this district court cannot hear the case. *Alexander v. Hawk*, 159 F3d 1321 (11th Cir. 1998). Accordingly, the magistrate judge's Recommendation is adopted insofar as the United Nations Convention Against Torture (18 U.S.C. §2340) and state law claims are concerned but rejected insofar as his finding that plaintiff had exhausted his remedies. Defendants' Motion to Dismiss is therefore GRANTED.

SO ORDERED this 29th day of MARCH, 2007.



S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE